536

Civ. A. No. 5692.

United States District Court
E. D. Pennsylvania.

Oct. 1, 1946.

See, also, 8 F.2d 429.

Meyer E. Maurer, of Philadelphia, Pa., for plaintiff.

George E. Beechwood, and Bernard J. Smolens, of Conlen, LaBrum & Beechwood, all of Philadelphia, Pa., for defendant.

MIZE, District Judge.

I have considered the motion for summary judgment, the pleadings, the admissions, affidavits and briefs in the above styled matter and have reached the conclusion that the plaintiff is entitled to a summary judgment to the extent that from the above documents it is clear the plaintiff and defendant were engaged in commerce within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and that the plaintiff is entitled to a judgment in some amount.

The payment of $639.67 on December 11, 1945 does not constitute a bar to liquidated damages, but the defendant is entitled to have this credited against any amount of judgment that might be collected. Brooklyn Savings Bank v. O'Neal, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. Plaintiff is entitled to a judgment for all overtime that accrued subsequent to March 6, 1940. All amounts that accrued prior to that time are barred by the statute of limitations, which the defendant has pled, and in this case the six year statute of limitations of Pennsylvania, 12 P.S. § 31, is applicable. Smith v. Continental Oil Company, D.C., 59 F.Supp. 91.

The affidavits and the admissions show conclusively that the plaintiff entered the defendant's employ on April 4, 1939 and worked from that time until October 30, 1944 as a desk man. His duties were so closely connected with Interstate Commerce that under the act as construed by the Supreme Court of the United States in Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, and many other cases of the Supreme Court of the United States, it is clear that he was covered by the act. The defendant company was engaged in serving and hiring trucks engaged in commerce within the Act. It is therefore clear that the plaintiff is entitled to a judgment. The amount, however, cannot be determined from the present record.

The defendant denied many of the assertions requested to be admitted and it, therefore, will be necesary that the amount be determined either by further affidavits or by a hearing upon the merits as to the amount.

An order may be drawn in accordance with this opinion holding that the plaintiff is entitled to a judgment and that he shall be charged in that judgment with the sum of $639.67, but that this amount, or a part

thereof, will first be applied to the amounts that were barred by the statute of limitations, as the law applies a payment to the oldest indebtedness. Plaintiff is not entitled at this time to the payment as liquidated damages of $639.67 for the reason that it was paid as a compromise. The order will retain jurisdiction of the case for the purpose of ascertaining the amount to which the plaintiff is entitled. This order may be presented in chambers on Thursday, October 3, at 2 o'clock.

### MORGAN et al. v. UNITED STATES.
### Civ. No. 2958.

United States District Court
N. D. Texas, Dallas Division.
Oct. 28, 1948.

W. R. Herring, of Dallas, Tex., for plaintiffs.

William P. Fonville, Asst. U. S. District Atty., of Dallas, Tex., for defendant.

ATWELL, Chief Judge.

Plaintiff and his wife sue for a few hundred dollars' return to them because disallowed by the Collector of Internal Revenue as a reduction of their income tax.

They resided in Oak Cliff, a part of metropolitan Dallas. The husband worked at the North American Aviation Company as a foreman. The wife worked as an employee at the Guiberson plant which was another war activity.

She claims that she was required to wear slacks and that their original cost and the laundering of the same, was an expense that should have been allowed her as a tax-payer.

He claims that the plant at which he worked was eleven miles from their home and that it was necessary to go and come in an automobile. That such trips were made daily. That he was required to purchase a long, white coat, upon which there was the word, "Foreman," and the name of the company of which he was an employee. That he had to buy a pair of safety shoes which had a metal protection to save his feet from anything that might fall upon them. That he sometimes worked overtime, and that it would, therefore, be necessary for him to go outside and get his meals and that that expense should be allowed him.

There was a rather lengthy list of the little expenses, such as the laundry of the long coat, washing of the car, and the price of the oil and gasoline which went into it.

The tax that was paid on the gasoline should be allowed. The purchase price of the coat and the shoes should be allowed. The purchase price of the slacks should be allowed. These total $51.00 after recomputing the tax and deducting such amount as legally should be deducted, there remains a total recovery for the plaintiffs of $22.84. All other claims are disallowed. See Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203.

Even though it were not necessary to disallow them because of the law, they should be disallowed because the plaintiffs had kept no memorandum of the little expenditures and their testimony was made up of estimates and the use of the phrase, "I imagine," would amount to so and so. There is no definite proof.