## TYE v. HERTZ DRIVURSELF STATIONS, Inc. (EASTERN STATES).

### No. 5692.

United States District Court, E. D. Pennsylvania.

June 17, 1947.

Opinion Clarified Sept. 20, 1947.

430

See also 7 F.R.D. 594.

Meyer Emil Maurer, of Philadelphia, Pa., for plaintiff.

Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

June 17, 1947

Defendant has moved for a judgment notwithstanding the verdict in this case on two grounds: that plaintiff's release of his rights under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., was effective, and that, in any event, plaintiff should have to tender back the money paid him for signing the release. Both of these objections are met by Judge Mize's memorandum opinion (October 1, 1946, 80 F.Supp. 536) in granting plaintiff's motion for summary judgment, and directing this Court to try the issue of damages only. I shall abide by his disposal of these issues.

Plaintiff has moved to set aside the verdict in its favor of $639.67 and for judgment for a larger sum, or, in the alternative, for a partial new trial on the issue of damages. Plaintiff's motion for judgment is denied but his motion for a partial new trial is granted and an order will be entered in accordance with this opinion.

Clarifying Previous Opinion.

Sept. 20 1947

It has come to my attention that an appeal has been taken in the above entitled case and that construction of an order granting a new trial in accordance with my Memorandum Opinion of June 17, 1947, may be required in determining the issues involved. For the benefit of the parties and to clarify the record for the appellate court, in view of this appeal, it is necessary for this Court to state briefly the construction of the order as intended by the Court.

On September 30, 1946, a motion for summary judgment in this case was argued before Judge Mize, sitting in this Court. On October 1, 1946, Judge Mize filed a Memorandum Opinion, 80 F.Supp. 536, finding defendant liable, and retaining jurisdiction for the purpose of determining the amount due plaintiff. The issue of damages was tried before me in accordance with this opinion, and plaintiff was awarded by the jury a verdict of $639.67. Plaintiff and defendant then both moved for judgment n. o. v. and plaintiff, as well, moved for a new trial, alleging various reasons in support of his latter motion. On June 17, 1947, I filed a Memorandum Opinion, denying both motions for judgment n. o. v. and granting the motion for a new trial. It was intended that the new trial be on the issue of damages, the issue originally tried by me. It was not intended to confine that trial to less than that entire issue; i. e., by allowing plaintiff his verdict of $639.67 and trying only the issue of damages over that amount. At the new trial, the trial judge may, as I did, direct the jury to return at least a minimum verdict. But that direction would be a result of defendant's admissions in the pleadings and would not depend upon the order granting a new trial. In any event, it was not intended that that order leave the jury verdict of $639.67 intact, or require another jury in a new trial to start with that figure and consider only additional liability. The use of the phrase "partial new trial" was designed to exclude the issue of liability, which had already been tried by Judge Mize, and was in accordance with the phraseology used in the Notes to Rule 59 of the Rules of Civil Procedure, 28 U.S. C.A.