## TYE v. HERTZ DRIVURSELF STATIONS, Inc.

### No. 9598.

United States Court of Appeals
Third Circuit.

Argued Nov. 3, 1948.

Decided Feb. 10, 1949.

George E. Beechwood, of Philadelphia, Pa. (Bernard J. Smolens and Conlen, La-Brum & Beechwood, all of Philadelphia, Pa., on the brief), for appellant.

M. E. Maurer, of Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This action was instituted to recover unpaid overtime compensation and liquidated damages pursuant to Section 16 (b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 1069, 29 U.S.C.A. § 216(b). In this Court, the plaintiff-appellee has argued the seasonableness of the appeal, but in our view the decisive question is whether it is taken from a "final decision." The issue is one which we raise of our own motion, for the appellate jurisdiction of this Court is prescribed by statute and limited, except in instances not here relevant, to "final decisions" of the district courts.[1] Dugan & McNamara, Inc. v. Clark, 3 Cir., 1948, 170 F.2d 118, 119.

The chronology of events leading to the orders from which this appeal is taken, is as follows:

On plaintiff's motion for summary judgment, the District Judge held that the defendant was liable under the Act; that a release executed by the plaintiff did not constitute a bar; that jurisdiction should be retained for the purpose of ascertaining damages; and that upon such determination the plaintiff should be charged with the sum of $639.67 previously paid to him by the defendant, but the credit should be applied first to the portion of plaintiff's claim barred by time. An order to that effect was filed October 3, 1946.

Thereafter, a trial was had on the issue of damages, that is, the hours worked by

---

[1] Title 28 United States Code Annotated, § 1291, which insofar as pertinent retains the provisions of Section 128(a) of the Judicial Code of 1911, 28 U.S.C.A. § 225(a).

and the wages due the plaintiff. The jury returned a verdict for the plaintiff in the amount of $639.67, the presiding judge[2] having directed a minimum verdict of $585. Judgment therefor was entered on October 28, 1946, 80 F.Supp. 536. Within ten days, the defendant moved for judgment pursuant to Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and the plaintiff moved for a new trial and for what he designated as "judgment n.o.v."

On June 17, 1947, the District Judge filed a Memorandum Opinion, 8 F.R.D., 429, 430, ruling favorably on the plaintiff's motion for a new trial and adversely on the defendant's motion for judgment. It also ruled adversely on the plaintiff's motion for "judgment n.o.v.," which, incidentally, it treated as a motion to enter judgment in a larger amount than that returned by the jury. On the same day, an order granting plaintiff's motion "for a partial new trial on the issue of damages" was filed, but the order did not specifically refer to the motion of either party for judgment. On July 1, 1947, the plaintiff filed an order to place the case on the trial list.

On October 8, 1947, the defendant again moved for entry of judgment in its favor.[3] On November 26, 1947, the District Judge, in a Memorandum Opinion, 7 F.R.D. 594, held that the motion did not come within the time limit of Rule 50(b). No order was entered in accordance therewith until January 8, 1948. On the latter date another order was filed expressly purporting to be in accordance with the Memorandum Opinion of June 17, 1947. This order denied plaintiff's motion for "a further judgment" and defendant's motion for judgment, and granted plaintiff's motion "for a partial new trial on the issue of damages."

The present appeal is taken from the orders of October 3, 1946, and January 8, 1948.[4]

The plaintiff takes the position that the orders of October 3, 1946, and June 17, 1947, are final and appealable, but that the time for appeal has elapsed; that the order of January 8, 1948, granting the partial new trial and denying the first motions for judgment is merely "supererogatory" and of no effect; and that the order of January 8, 1948, denying the defendant's second motion for judgment, is not appealable, since the motion was filed too late for consideration by the District Court. The defendant, on the other hand, merely assumes that the orders of January 8, 1948, are effective and appealable. Both are wrong.

■ Whether the time for appeal from the order of October 3, 1946, has elapsed is irrelevant, for we have held in an identical situation that a "partial summary judgment" of this nature is not final, therefore not appealable. Russell v. Barnes Foundation, 3 Cir., 1943, 136 F.2d 654. The same result was reached in Leonard v. Socony-Vacuum Oil Co., 7 Cir., 1942, 130 F.2d 535, and in Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214; see also Amendments to Rule 56 and the Notes thereto of the Advisory Committee.

■ Moreover, the order of October 3, 1946, did not become final with the entry of the order of June 17, 1947, granting a new trial. Such an order is not final and not directly appealable. We have so held: Florini v. Stegner, 3 Cir., 1936, 82 F.2d 708; Frank Mercantile Corporation v. Prudential Ins. Co. of America, 3 Cir., 1940, 115 F.2d 496; accord, Barbarino v. Stanhope S. S. Co., 2 Cir., 1945, 150 F. 2d 54. The same is necessarily true of the orders of January 8, 1948, for the sum and substance of them was simply to grant a new trial. Libby, McNeill & Libby v. Malmskold, 9 Cir., 1940, 115 F.2d 786; Balicki v. Central Greyhound Lines, Inc., 3 Cir., 1945, 150 F.2d 402; cf. Allegheny County v. Maryland Casualty Co., 3 Cir.,

---

[2] Not the same District Judge who ruled on the motion for summary judgment.

[3] This motion was premised upon the Portal-to-Portal Act of May 14, 1947, 61 Stat. 84, 29 U.S.C.A. § 251.

[4] The defendant's "Notice of Appeal" does not distinguish the two orders of January 8, 1948, but the description of the rulings complained of includes the content of both orders.

1943, 132 F.2d 894, certiorari denied 318 U.S. 787, 63 S.Ct. 981, 87 L.Ed. 1154. The portions of the orders of January 8, 1948, denying all the motions for judgment do not alter the fact that there is, in this case, no final determination of the rights and liabilities of the parties. Cf. Stewart v. Roberts, 1946, 80 U.S.App.D.C. 405, 154 F.2d 697.

Finally, the defendant asserts that the effect of the orders granting a "partial new trial on the issue of damages" was to leave in force the judgment entered on the jury's verdict, the re-trial to relate only to the issue whether the plaintiff is entitled to further damages. The plaintiff accepts this construction of the orders and, in support thereof, relies on Atkinson v. Dixie Greyhound Lines, 5 Cir., 1944, 143 F.2d 477, certiorari denied Dixie Greyhound Lines v. Atkinson, 323 U.S. 758, 65 S.Ct. 92, 89 L.Ed. 607. We think the fear of the defendant is groundless, and the contention of the plaintiff untenable.

The confusion of the parties stems from the fact that the only issue tried before the District Judge who granted the new trial was that of damages. It is plain, nevertheless, that in using the common phrase "partial new trial" the trial court merely intended to exclude a re-trial, or re-determination, of the issues resolved by the order of October 3, 1946.[5] The effect of the order granting the new trial was to vacate the existing judgment based on the jury verdict. Allegheny County v. Maryland Casualty Co., supra, 132 F.2d 894, at page 896. And the purpose of the word "partial" was to preclude litigating a second time the issues other than damages, which the trial judge had not heard. Such is a necessary and logical construction of the orders, for the issue of damages here, the amount, if any, of unpaid overtime compensation, is single, and is distinct and separable only from the issues previously determined in the order of October 3, 1946. The Atkinson case is inapposite, the Court there, 143 F.2d at page 479, pointing out

that the issue of punitive damages was "entirely distinct and separable" from the issue of actual or compensatory damages. That a new trial limited to the issue of damages was granted does not, under the circumstances, interfere with the conclusions that there is no final determination of the rights and liabilities of the parties in this case, and that the orders are not final or appealable. Howell v. Terminal R. Association, 8 Cir., 1946, 155 F.2d 807, 808.

For the reasons stated, the appeal will be dismissed.

---

[5] On September 20, 1948, following the instant appeal, the District Judge issued a Memorandum explaining the use of the phrase "partial new trial" in his orders, and attributing the phrase to the Advisory Committee's notes to Rule 59. This explanation comports with the view we have taken.