**SPEARMON et al. v. THOMPSON et al.**
No. 13642.

United States Court of Appeals
Eighth Circuit.

March 16, 1949.

James T. Gooch, U. S. Atty., and G. D. Walker, Asst. U. S. Atty., both of Little Rock, Ark., for appellants.

Leffel Gentry and E. L. McHaney, Jr., both of Little Rock, Ark., for appellee Guy A. Thompson, trustee for Missouri Pacific Ry. Co.

Richard R. Lyman and Willard H. Mc-Ewen, both of Toledo, Ohio, for appellees System Federation No. 2, Railway Employes' Dept. A. F. of L., and J. J. Byrne, president of said System Federation.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

PER CURIAM.

Appellants have filed a motion in this Court requesting that the mandate in this cause be withdrawn and our opinion clarified. It appears that upon receipt of the mandate the trial court held a hearing on the form of the judgment to be entered and a sharp difference of opinion developed between the parties concerning the meaning of the following statement appearing in the opinion [167 F.2d 626, 631]:

"It is conceded that the demotion had the legal effect of a discharge within one year of these appellants' reinstatement. The judgment is therefore reversed and remanded as to Spearmon, Rhodes, and Holmes with directions to enter judgment for them in accordance with the prayer of their petition. There has been no claim for relief beyond the one-year period fixed by the Act [50 U.S.C.A.Appendix, § 308]. And since appellants' right under the Act to benefits beyond that period has not been briefed or argued we express no opinion on that question. See Trailmobile v. Whirls, 331 U.S. 40, 67 S.Ct. 982 [91 L.Ed. 1328], supra. The judgment to be entered should therefore be limited to such benefits as these appellants are entitled to in accord with the conclusions hereinabove stated, to the extent such benefits would accrue within the period of one year fixed by the Act."

Counsel for appellees, as well as appellants, have filed written memoranda in support of their opposing constructions of the above-quoted paragraph of our opinion. From the memoranda, the positions of the parties are made clear. Their positions need not be restated here.

As stated in our opinion, the statute provides that returning servicemen should be reinstated "without loss of seniority." Appellees contended in the trial court and on appeal that the contract of employment prevented these three appellants from ac-quiring seniority as mechanics while they were in the service and not on the job. We held that the statute required that these appellants' seniority as mechanics must be augmented by the time they spent with the armed forces. They were discharged from their positions as mechanics within a year from the date of their return from the service because they had not been allowed that seniority. The statute and our mandate therefore direct that they be restored to their positions as mechanics as of the date they were discharged therefrom, to-wit, March 30, 1946, with all of the seniority, as mechanics, they would have, had they remained on the job. The statute protected them from discharge from their positions as mechanics for one year from the date of their re-employment upon their return from the service of their country. That year has long since passed. After its expiration, their continued employment as mechanics depends upon their contract of employment. If the same contract is in effect now, the seniority thereunder which appellants acquired by statute while in the service will continue and entitle them to hold their positions as mechanics over others with less seniority. But this latter right, if it exists, inures to them, after the statutory one-year period, from the contract and not from the statute. In an action such as this the courts have no power to "freeze" the contractual rights of the parties or of these appellants to their jobs as mechanics after the statutory one-year period. The inclusion of the above-quoted paragraph in our opinion was intended as a disavowal of our intention and a disclaimer of our right to do so.

For the assistance of the trial court, the judgment should order appellants' reinstatement as mechanics as of March 30, 1946, with seniority as mechanics (carmen mechanics) in accordance with the provisions of the contract in effect on March 30, 1946, including in computing such seniority the time appellants spent in the service. And the judgment should award to each of these three appellants an amount equal to the difference between the wages paid them after their demotion and the wages they would have received as mechanics for the period of time beginning

March 30, 1946, and continuing for the remainder of the one-year period. Appellants' rights thereafter, on the basis of the seniority which should have been accorded them under the statute and that which, in conjunction therewith, they would regularly have attained in their work during the one-year period, are matters resting in the contract and not in the statute. They were not before us on the appeal and are therefore not touched by our mandate. They are, of course, capable of assertion in such manner and under such jurisdiction as they would have been able to be enforced under the contract if appellants' status had been achieved without interruption of their work through military service.

The motion to recall the mandate is denied.