Manuel BORGES et al., Plaintiffs-
Appellees.

v.

ART STEEL CO., Inc., Defendant-
Appellant.

No. 159, Docket 24297.

United States Court of Appeals
Second Circuit.

Argued Feb. 6, 1957.

Decided April 25, 1957.

Morris Wagman, New York City, for
defendant-appellant.

Foster Bam, Asst. U. S. Atty., S. D. N.
Y., New York City (Paul W. Williams, U.
S. Atty., New York City, on the brief),
for plaintiffs-appellees.

Before CLARK, Chief Judge,
MEDINA, Circuit Judge, and J. JO-
SEPH SMITH, District Judge.

PER CURIAM.

In this action by eleven employees of
defendant to recover increased wages
which they claim they would have been
entitled to receive had they remained at
work instead of entering the armed forc-
es, Judge Dimock granted a summary
judgment holding that plaintiffs were en-
titled to the claimed increases; but he
did not then fix the amounts, saying in
his opinion, D.C.S.D.N.Y., 143 F.Supp.
169, 170: "The parties are agreed that,
if summary judgment is granted the
question of the actual dollar amount
which each plaintiff should receive shall
await subsequent determination by the
parties and, if necessary, this court.
Rule 56(d), F.R.C.P." No formal judg-
ment or further action by the court has
been entered.

Judge Dimock's citation dem-
onstrates what the facts disclose, namely,
that this is but "a partial summary judg-
ment," which, under well settled rules,
is not appealable. See Tye v. Hertz Driv-
urself Stations, 3 Cir., 173 F.2d 317, an
action for overtime compensation, and
see also, e.g., King v. California Co., 5
Cir., 224 F.2d 193; Wynn v. Reconstruc-
tion Finance Corp., 9 Cir., 212 F.2d 953,
955–957; Audi Vision, Inc., v. RCA Mfg.
Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574;
6 Moore's Federal Practice 2311 (2d Ed.
1953). We must raise the question even
though the parties have not. Tye v.
Hertz Drivurself Stations, supra, 3 Cir.,
173 F.2d 317. Appeal is therefore pre-
mature, before the amount of recovery is
fixed.

Appeal dismissed.