**Ralph PAREDEZ, Plaintiff,**

v.

**The PILLSBURY COMPANY, a corporation, Defendant.**

**No. 65–699WB.**

United States District Court
C. D. California.

Oct. 13, 1966.

---

494

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Eugene Kramer, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

Kahn, Stern & Blaney, Inglewood, Cal., for defendant.

## MEMORANDUM OF DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

BYRNE, District Judge.

This action was instituted by the plaintiff, a separated serviceman, pursuant to 50 U.S.C.A. App. § 459, to enforce his right to re-employment by the defendant.

The court finds the facts as follows:

(1) The plaintiff, a citizen of the United States, was initially employed by the Pillsbury Company at its Refrigerated Foods Plant at Los Angeles on July 22, 1957. On June 22, 1959, he was promoted to cartridge packer-operator (sometimes referred to as K. P. Operator). This was a "one-of-a-kind" position which plaintiff continued to fill until his departure on October 24, 1961, pursuant to an order requiring him to report for induction into the Armed Forces of the United States on October 27, 1961.

(2) As K. P. Operator, plaintiff manned a stationary machine which packed fresh cookie dough into saran-wrapped "cartridges" for subsequent refrigeration and delivery to retail outlets.

(3) When plaintiff received his notice to report for induction, Ronald Harris, the utility man, was selected to replace him for the period of his military absence, and plaintiff helped train Harris on the K. P. machine. Harris operated the machine throughout the period of plaintiff's service and is the present operator of the machine.

(4) On October 21, 1963, plaintiff was separated from the military service and received a certificate evidencing satisfactory performance of military duty. Thereafter, on November 6, 1963, plaintiff made timely application to defendant for re-employment; i. e., reinstatement to the position of K. P. Operator which he held prior to his induction. At the time of making application for re-employment, the plaintiff notified the defendant that he did not wish to commence work until November 11, 1963.

(5) In a discussion between the plaintiff and the administrative officials of the defendant, it was suggested by the representatives of the defendant, and agreed to by the plaintiff, that it would be unfair to the plaintiff to return him immediately to the K. P. machine be-

cause of the unusual work load due to the Christmas rush, and because the K. P. machine was undergoing tests to overcome difficulty in handling the saran wrapping properly.

(6) Although the plaintiff did not immediately undertake the work on the K. P. machine, he was re-employed on November 11, 1963, as a K. P. Operator at the contract rate of pay for a K. P. Operator with the understanding that he would function as a plant laborer when he was not operating the K. P. machine.

(7) Between the date of plaintiff's re-employment on November 11, 1963, and April 24, 1964, plaintiff received K. P. Operator's wages; however, his replacement Ronald Harris, who also received K. P. Operator's wages, received an additional $460 overtime pay during the same period.

(8) On February 12, 1964, plaintiff undertook the operation of the K. P. machine and continued until April 24, 1964.

(9) On April 24, 1964, plaintiff was removed as operator of the K. P. machine and on April 27, 1964, he was demoted to the inferior position of plant laborer, and his rate of pay reduced from $2.86 per hour to $2.61 per hour. He has continued in the inferior position and at the reduced rate of pay to the present date.

(10) The defendant removed the plaintiff from the K. P. machine on April 24, 1966, and demoted him to an inferior position because he could not operate the machine as skillfully or efficiently as Ronald Harris.

(11) The total loss of earnings by the plaintiff for the period November 11, 1963, to November 14, 1964, including the $460 overtime pay received by Harris, is $2,329.25, which is the difference between what he actually received and the amount he would have received had he not been demoted and had he operated the K. P. machine for the entire year. It is also the difference between the wages plaintiff received and the wages received by Harris, who operated the K. P. machine during that part of the year plaintiff was not operating it.

This case, unlike the usual action filed pursuant to § 459, is not one where the serviceman was denied re-employment and restoration to his former position. Paredez, when he reported for work, *was re-employed as a K. P. Operator at the K. P. Operator rate of pay*. He merely worked on a job requiring less skill for a period of three months until there was a diminution of some of the problems facing the operator of the K. P. machine.

The defendant complied with the requirement of § 459 in re-employing the plaintiff at a K. P. Operator rate of pay, but § 459(c) (1) also includes a provision that the separated serviceman "shall not be discharged from such position without cause within one year after such restoration".

The demotion of the plaintiff was tantamount to discharge. The critical question is, was the availability of a more skillful and efficient operator "cause" for discharging Paredez prior to the termination of one year. I think not. Paredez could and did operate the K. P. machine, although perhaps not as efficiently as Harris. Congress did not intend that the availability of a man with greater skills who could turn out work more rapidly would justify discharging the separated serviceman within one year.

The court concludes that Paredez was discharged in April 1964, from the position to which he had been restored; that the discharge was "within one year after such restoration" and that Paredez is entitled to recover the difference between the wages he received during the year and the amount he would have received had he operated the K. P. machine for the entire year, viz. $2329.25.

The clerk of the court is directed to serve a copy of this Memorandum of Decision and Findings of Fact, together with a copy of the Judgment entered this day, by United States mail on the attorneys for each of the parties appearing in this action.