384 F.2d 701
 BACA LAND & CATTLE COMPANY and Dunigan Tool & Supply Company, and George W. Savage, Trustee under Liquidating Trust Agreement, Appellants,
v.
NEW MEXICO TIMBER, INC., and T. P. Gallagher and Co., Inc., Appellees.
 No. 9054.
 United States Court of Appeals Tenth Circuit.
 October 19, 1967.
 Rehearing Denied December 7, 1967.
 
 Harry L. Bigbee, G. Stanley Crout, Santa Fe, Bryan G. Johnson, J. J. Monroe, Albuquerque, N. M., Frank M. Harrell, Abilene, Tex., for appellant.
 
 
 1
 Lewis R. Sutin, Albuquerque, N. M., for appellees.
 
 
 2
 Before JONES,* SETH and HICKEY, Circuit Judges
 
 HICKEY, Circuit Judge
 
 3
 The appellants, Baca Land & Cattle Company and Dunigan Tool & Supply Company, are successors to a reversionary interest created by a contract and deed which conveyed timber rights for a term of 99 years to the predecessors in title of appellees. Appellants filed a claim seeking in Count I a declaratory judgment establishing the parties' interests under the deed and contract. Count II seeks damages for timber cut in violation of the terms of the instruments, and Count III seeks damages for wasteful logging practices.
 
 
 4
 The trial court granted summary judgment for the appellees on Counts I and II and included the certificate required by Rule 54(b) Fed.R. Civ.P. to allow an immediate appeal. It was directed that Count III be tried to a jury.
 
 
 5
 In this appeal the parties have addressed themselves only to the merits of the case. The appealability of the trial court's ruling has not been challenged.
 
 
 6
 The basic criterion for determining the final decisions which are appealable is 28 U.S.C. § 1291. This court has said that Rule 54(b) "* * * scrupulously recognizes the statutory requirement of a `final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals. * * *" Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956), cited in First Nat. Bank in Dodge City v. Johnson County Nat. B. & T. Co., 331 F.2d 325, 327 (10th Cir. 1964). Therefore, even though Professor Moore has said, "* * * the practice of the appellate courts in raising lack of their jurisdiction on their own motion — a merry practice for the courts, a dismal one for the litigants — continues with unabated vigor," 6 J. Moore, Federal Practice ¶ 54.27[3] (2nd ed. 1965), we will examine the appealability in this case. Borges v. Art Steel Co., 243 F.2d 350 (2nd Cir. 1957); Flegenheimer v. General Mills, 191 F.2d 237, 238 (2nd Cir. 1951); Flegenheimer v. Manitoba Sugar Co., 182 F.2d 742 (2nd Cir. 1950).
 
 
 7
 The complaint contains three separate counts, but only one claim. In one count appellants have asked for a declaration of the respective parties' interests in and rights under the contract and deed. The complaint then sets forth a claim for the wrongful cutting of timber, the claim being based on the appropriate determination of the interests of the parties under the contract and deed. The third count alleges damage to the appellants' interest because of improper logging practices on the part of the appellees. Counts two and three each incorporate by reference those paragraphs contained in the first count which form the basic grounds for appellants' claim. Thus, each count sets forth a different legal theory, but each is based on the same transactions as evidenced in the contract and deed.
 
 
 8
 The relief sought under each count of the complaint depends in each instance on the rights of the parties which are determined to exist by virtue of the contract and deed. In each of the counts the duties of the parties result from the described instruments. Therefore, because each theory of the appellants arises out of the same transaction or occurrence, the pragmatic approach which all circuits apply directs us to conclude that the trial court's ruling is not appealable.
 
 
 9
 The determination made by the trial court is one which is authorized by Rule 56(d) or Rule 16. The trial court's ruling is not appealable under either rule. Because there is but one claim, Rule 54 (b) does not apply, CMAX, Inc. v. Drewry Photocolor Corporation, 295 F.2d 695, 697 (9th Cir. 1961), and the trial court cannot by certificate make final and appealable a ruling which is not final and appealable within the meaning of § 1291. Sears, Roebuck & Co. v. Mackey, supra 351 U.S. at 437, 76 S.Ct. 895.
 
 
 10
 The appeal is dismissed.
 
 
 
 Notes:
 
 
 *
 Of the Fifth Circuit, sitting by designation