**David T. RANDALL, Plaintiff,**

v.

**GIANT FOOD MARKETS, INC., Defendant.**

**No. CIV-2-74-136.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 19, 1974.

Jerry S. Jones, Johnson City, Tenn., for plaintiff.

James A. Weller, Johnson City, Tenn., for defendant.

---

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action under the Selective Service Act of 1967 by a returned serviceman against his former employer for reinstatement and for wrongfully terminating him less than one year after he had been reemployed in the position he had left to enter the armed service. This Court has power under 50 U.S.C. App. § 459*(d) to compensate the plaintiff" * * * for any loss of wages or benefits suffered by reason of such employer's unlawful action * * *".

He included in his complaint a claim for damages for mental anguish, loss of reputation, loss of credit and being forced into bankruptcy. The defendant moved to strike these claims as immaterial herein. Rule 12(f), Federal Rules of Civil Procedure.

■ The plaintiff contends that damages pursuant to 50 U.S.C. App. § 459 (d) are discretionary with the Court. This was once the rule, see *e. g.*, Levine v. Berman, C.A.7th (1949), 178 F.2d 440, 445[5], certiorari denied (1950), 339 U.S. 982, 70 S.Ct. 1024, 94 L.Ed. 1386, but a later adjudication has seriously eroded that conclusion, Teamsters Local U. 612, I. B. of T., C., W. & H. of A. v. Helton, C.A.5th (1969), 413 F.2d 1380, 1384–1385[III]. The proper measure of damages appears from the decisions to be in accordance with the purpose of the reemployment provisions of the Selective Service Act of 1967, " * * * to save for the veteran the benefits which accrued to his pre-war job during the period of his service * * * ". Loeb v. Kivo, C.A.2d (1948), 169 F.2d 346, 351[9], certiorari denied (1948), 335 U.S. 891, 69 S.Ct. 246, 93 L.Ed. 429, cited in Simons v. Chicago Great Western Railway Company, D.C.Iowa (1966), 262 F. Supp. 334, 336[3].

It has been held that where a returning veteran was transferred in violation of the Act (as well as of the seniority provisions of a collective bargaining agreement), he was entitled to the money he would have earned from the time of the attempted transfer until his restoration to his former position. Foor v. Torrington Co., C.A.7th (1948), 170 F.2d 487, 491[5]. Where returning veterans were demoted from the jobs of mechanic, it was said: " * * * [T]he judgment should award to each of these [returning servicemen] an amount equal to the difference between the wages paid them after their demotion and the wages they would have received as mechanics

---

* Counsel for both parties erroneously refer to this statute as "50 U.S.C.A. § 459".

* * * ". Spearmon v. Thompson, C.A. 8th (1949), 173 F.2d 452, 453–454[2]. And where a separated serviceman was demoted from a K. P. machine operator to a plant laborer, he was declared to be " * * * entitled to recover the difference between the wages he received during the year and the amount he would have received had he operated the K. P. machine for the entire year. * * * " Paredez v. Pillsbury Company, D.C.Cal. (1966), 259 F.Supp. 493, 495 [5]. Another district court commented: " * * * In reversing [Diehl v. Lehigh Valley R. Co., C.A.3d (1954), 211 F.2d 95, reversed (1955), 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749], the Supreme Court made it clear that, for such benefits as pay, a returning veteran is to be considered as if he had been in actual employment for the period he was in the armed forces. * * * " Borges v. Art Steel Co., D.C.N.Y. (1956), 143 F.Supp. 169, 171[1], appeal dismissed, C.A.2d (1957), 243 F.2d 350, affirmed C.A.2d (1957), 246 F.2d 735.

The plaintiff drew attention to the statement:

 * * * * * *

Congress has laid down no yardstick by which to measure the damages recoverable by a person who has been wrongfully refused restoration to his former position. Such being the case, the right to recover as well as to the extent must be determined by the ordinary rules controlling in any other kind of action where damages are sought as a result of the wrongful act of the other party. * * *

Levine v. Berman, *supra*, 178 F.2d at 445. Therein, the Court affirmed an order which denied a returning serviceman any money compensation at all because he had not minimized his damages and was guilty of fraud, deceit and lack of good faith; thus, the quoted statement is mere dictum.

The plaintiff cited also a decision, in which is made the statement: " * * The district court also has power to grant incidental damages *where the primary relief sought is reinstatement.* * * * " (Emphasis supplied.) Steffen v. Farmers Elevator Co., D.C.Iowa (1952), 109 F.Supp. 16, 18[2], citing Levine v. Berman, *supra*. As Mr. Randall seeks damages of $50,000 herein, it cannot be said that the primary relief he seeks is reinstatement. In addition, therein, the decision dealt basically with an alleged right to a jury trial.

■ From the weight of the authorities, this Court is of the opinion that its power to compensate the plaintiff herein, if he is entitled to an award, is limited to such an amount as will compensate him for any loss of wages or benefits he suffered because of his former employer's unlawful act in terminating his employment less than one year after he had been reemployed in the position he left to enter to service of his nation. Accordingly, the plaintiff's claim for damages for mental anguish, loss of reputation, loss of credit and being forced into bankruptcy hereby is

Stricken.

The defendant's contentions that the Court lacks jurisdiction over the subject matter of the stricken material, Rule 12(b)(1), Federal Rules of Civil Procedure, and that the plaintiff failed in the stricken material to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, are redundant and hereby are denied.