Lawrence C. WALLACE, Jr., Plaintiff,

v.

**HARDEE'S OF OXFORD, INC., Defendant.**

Civ. A. No. 94–T–406–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 2, 1994.

Debra Jean Duffer Smith, Enterprise, AL, for plaintiff.

Terry Alan Sides, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Lawrence Wallace, Jr. alleges that, upon returning from active duty in Saudi Arabia, defendant Hardee's of Oxford, Inc.,[1] refused to reemploy him as an assistant manager of its restaurant in Ozark, Alabama, in violation of the Veterans' Reemployment Rights Act, 38 U.S.C.A. §§ 4301, *et seq.* (West Supp.1994).[2] Wallace seeks "compensatory, incidental, consequential, and punitive" damages under the Act. This cause is now before the court on the company's motions to strike Wallace's demand for punitive, incidental, and consequential damages and to strike his jury demand.

■ *Damages:* The Act states that, when an employer fails to reemploy a veteran, the court may require the employer to "compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action." 38 U.S.C.A. § 4302. On its face, this language suggests that punitive damages are not warranted. Case law on veteran's reemployment, although not directly on point, supports this proposition. The Fifth Circuit Court of Appeals, outside the context of punitive damages, has stated that the correct compensation is that "the veteran should be made whole, and reimbursed for the measurable wage disadvantage or loss suffered through his incorrect reinstatement." *Helton v. Mercury Freight Lines, Inc.,* 444 F.2d 365, 367 (5th Cir.1971).[3] The Eighth Circuit Court of Appeals has stated in dicta that the Act is not punitive but restitutive. *Dyer v. Hinky Dinky, Inc.,* 710 F.2d 1348, 1350 (8th Cir.1983). And in *Randall v. Giant Food Markets, Inc.,* 390 F.Supp. 1064, 1066 (E.D.Tenn.1974), the district court struck the plaintiff's claim for mental anguish and other non-compensatory damages, holding that only losses of wages and benefits are compensable. Based on the Act's language, therefore, this court holds that punitive damages are not recoverable.

■ As to incidental and consequential damages, Wallace is entitled to only damages that fall within the "wages or benefits" language of the statute; he is not entitled to damages that fall outside this language. This language includes prejudgment interest,

---

1. The defendant contends that its correct legal name is Flagstar Enterprises, Inc. f/k/a Spardee's Restaurants, Inc.

2. The Act was formerly codified at 38 U.S.C.A. §§ 2021, *et seq.*

3. In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**808**

*Hembree v. Georgia Power Co.,* 637 F.2d 423, 429–30 (5th Cir.1981), and may include incidental expenses that will make the plaintiff whole depending upon the nature of those damages, *see Eidukonis v. Southeastern Pennsylvania Transp. Authority,* 757 F.Supp. 634, 640 (E.D.Pa.1991) (out-of-pocket medical expenses), *aff'd,* 944 F.2d 896 (3d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 879, 116 L.Ed.2d 783 (1992). Because Wallace has not identified the incidental or consequential benefits to which he asserts he is entitled, the court is unable to determine whether such damages are appropriate.

*Jury Trial:* Wallace concedes that he is not entitled to a jury trial.

Accordingly, for the foregoing reasons, it is ORDERED:

(1) That the motion to strike plaintiff's demand for punitive and incidental damages, filed by defendant Hardee's of Oxford, Inc. on June 9, 1994, is granted as to the punitive damages and denied as to the incidental damages; and

(2) That the motion to strike plaintiff's jury demand, filed by defendant Hardee's of Oxford, Inc. on June 9, 1994, is granted.