**BEIGHLE et al. v. Le ROY et al. (BLOOM-FIELD, Intervener).**

No. 6495.

Circuit Court of Appeals, Third Circuit.

Jan. 3, 1938.

parties are conclusively adjudicated, it is interlocutory, and not final."

In view of the foregoing, the appeal is dismissed.

Samuel R. Blaine, of Newark, N. J., for appellants.

Frederic M. P. Pearse, of Newark, N. J., for intervener-appellee.

Martin B. Stutsman, of Plainfield, N. J., (George Such Pearse, of Newark, N. J., on the brief), for L. R. Lamb, N. Avlonitis, J. Jackson, defendant-appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BUFFINGTON, Circuit Judge.

Without reciting all the facts, it suffices to say that on June 8, 1937, the court in this action of ejectment opened a default judgment against the tenants of Anita I. Bloomfield and permitted her to defend. In doing so the court overlooked the fact that on September 16, 1936, the Plainfield Trust Company, executor of the will under which she claimed, had filed an answer. Whereupon plaintiffs took this appeal, contending the term had passed and the court below was without power to act. But it appears the term had been extended by order of court on September 4, 1936. Moreover, the order to reopen was not a final decree. See Merriman v. Chicago & E. I. R. Co., 7 Cir., 64 F. 535, at page 547, wherein it is said: "A final decree or judgment is one which puts an end to the controversy between the parties litigant. If the decision or judgment leaves some matter involved in the controversy open for future hearing and determination before the ultimate rights of the