**GERSING et al. v. CHAFITZ et al.**

No. 8384.

United States Court of Appeals for the District of Columbia.

Decided Dec. 8, 1942.

Mr. James J. Laughlin, of Washington, D. C., for appellants.

Mr. Leon M. Shinberg, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

It appears from the preliminary record filed in this case that on June 5, 1942, judgment for plaintiff on the verdict of the jury was entered by the Clerk of the trial court pursuant to Rule 58 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Thereafter, on July 2, 1942, a motion for new trial was filed. On July 7, 1942, the motion for new trial was "overruled, both on merits and because filed too late." On July 27, 1942, a motion for reconsideration of denial of the motion for new trial and for stay of judgment was filed, and on August 31, 1942, this motion was overruled. Thereafter, on September 26, 1942, appellant filed a notice of appeal from the "judgment" entered on August 31, 1942.

Appellees now move to dismiss the appeal, contending (1) that the order of August 31st overruling the motion for reconsideration of the denial of the motion for new trial, is not appealable, and (2) that the 30-day period fixed by Rule 10 of this Court for taking an appeal from the final judgment had expired before the notice of appeal was filed.

1. It is settled law that an appeal does not lie from an order denying a motion for new trial, for rehearing, or to vacate a judgment, and that the appeal should be taken from the judgment itself. Arkansas Land & Cattle Co. v. Mann, 130 U.S. 69, 75, 9 S.Ct. 458, 32 L.Ed. 854; Conboy v. First National Bank, 203 U.S..141, 27 S.Ct. 50, 51 L.Ed. 128; Swenk v. Nicholls, 39 App.D.C. 350; Dante v. Bagby, 39 App.D.C. 516; Doyle v. District of Columbia, 45 App.D.C. 90. In Dante v. Bagby, supra, the Court said: "The motion [to set aside the judgment] is addressed to the discretion of the court, and is intended to furnish the court an opportunity to correct its own error. If the right of appeal could be revived by a motion of this sort, it would enable the defeated party to fix his own time for review, thus delaying indefinitely the enforcement of the judgment."

It is obvious that the rule applies with even greater force to an order overruling a motion for reconsideration of a denial of a motion for new trial.

2. The judgment was entered on June 5th. Rule 59(b) of the Federal Rules of Civil Procedure provides that the time for serving a motion for new trial shall be "not later than 10 days after the entry of the judgment." However, it was not until July 2nd, more than 10 days after the

entry of judgment, that a motion for new trial was filed. In Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 203, 85 L. Ed. 177, a case which arose *prior* to the adoption of the Federal rules, it was held that where the trial court allows the filing of a petition for rehearing after the time therefor has expired, and "after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof." Assuming, without deciding, that the ruling in the Bowman case would apply in the present case, in which the judgment was entered *after* the effective date of the Federal rules, we are of the view that the time for taking appeal in this case was not suspended beyond July 7, 1942, the date of the overruling of the motion for new trial "both on the merits and because filed too late." The notice of appeal having been filed more than 30 days thereafter, this Court is without jurisdiction.

It follows that appellees' motion must be sustained and the appeal will be dismissed.

It is so ordered.