**STEWART v. ROBERTS.**

No. 9073.

United States Court of Appeals
District of Columbia.

Argued Jan. 18, 1946.

Decided Feb. 25, 1946.

Mr. George E. C. Hayes, of Washington, D. C., for appellant.

Mr. Joseph M. Bonuso, of Washington, D. C., with whom Mr. Henry I. Quinn, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

Appellant was sued by appellee for alienating the affections of his wife. There was a trial to a jury, resulting in a disagreement. At the conclusion of all the evidence at the trial appellant unsuccessfully moved for a directed verdict. Thereafter, when the jury failed to agree, appellant in apt time moved for judgment in accordance with the previous motion for a directed verdict. This appeal is from the order denying that motion. Plaintiff's argument here is that the record shows that there was no evidence upon which a verdict for the plaintiff (appellee) could be sustained, and in particular relies upon a statement of the trial judge during the argument that if the jury had found for the plaintiff he might have been constrained to set aside the verdict.

But the trouble with all of this is that at the present stage of the case we are wholly without jurisdiction to consider it. Our right to review orders, judgments and decrees of the District Court is confined to those which are final, and those which are final are those judgments, decrees or orders which expressly or by necessary implication determine the rights and liabilities of all parties with reference to the matters in controversy and leave nothing of a judicial character to be done. In short, the litigation must have ended. Here the order below did no more than restore the case to the docket for retrial. It neither disposed of the controversy nor terminated the litigation. The appeal is therefore premature and must be dismissed for lack of jurisdiction. See Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616; Nyanza S. S. Co. v. Dry Dock, 264 U.S. 439, 44 S.Ct. 355, 68 L.Ed. 777; United States v. Florian, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, reversing Florian v. United States, 7 Cir., 114 F.2d 990; and Southland Industries v. Federal Communications Comm., 69 App.D.C. 82, 99 F.2d 117.

Appeal dismissed.