## HOWELL v. TERMINAL R. ASS'N OF ST. LOUIS.

## TERMINAL R. ASS'N OF ST. LOUIS v. HOWELL.

Nos. 13300, 13301.

Circuit Court of Appeals, Eighth Circuit.

June 10, 1946.

Roberts P. Elam, of St. Louis, Mo. (Harvey B. Cox, of St. Louis, Mo., on the brief), for Joy B. Howell.

Arnot L. Sheppard, of St. Louis, Mo., for Terminal R. Ass'n of St. Louis.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This action was brought by Joy B. Howell against Terminal Railroad Association of St. Louis under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries alleged to have been caused by the defendant's negligence. Issues were joined, and the case was tried to a jury, which returned a verdict in favor of the plaintiff for $33,000. The defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. Thereafter, with leave of court, the defendant filed, in addition, a motion for a new trial upon the ground of newly discovered evidence relating to the extent of the plaintiff's injuries. The court disposed of the defendant's separate motions in one order, which, so far as pertinent, reads as follows:

"The Court having seen and examined and duly considered the defendant's separate motions for 'Judgment Notwithstanding the Verdict of the Jury Herein or for a New Trial' and 'for a New Trial on the Ground of Newly Discovered Evidence', heretofore submitted herein on oral argument and briefs of counsel and the evidence adduced on the latter motion, and being sufficiently advised of and concerning the premises Doth Order that said motion for 'Judgment Notwithstanding the Verdict of the Jury Herein or for a New Trial' be and the same is hereby overruled, and that said motion 'for a New Trial on the Ground of Newly Discovered Evidence' be and the same is hereby sustained to the extent that the Defendant be granted a new trial only as to the issue of extent of injuries and damages.

808

"It Is Further Ordered by the Court that the verdict rendered herein on the 22nd day of May, 1945, and the judgment entered thereon, be set aside on the ground of newly discovered evidence, and that the Defendant be granted a new trial as to the issue of the extent of Plaintiff's injuries and Plaintiff's Damages."

The plaintiff has appealed from the order upon the ground that the court abused its discretion in granting the defendant a new trial as to the issue of plaintiff's injuries and damages.

The defendant has appealed from the order upon the ground that the court submitted to the jury the issue of liability upon an erroneous theory.

Whatever may be thought to be the effect of the order appealed from, which, read literally, seems to have vacated the entire verdict and judgment and left the case completely undetermined, the order is not an appealable one.

An order granting or denying a motion for a new trial is not an appealable order. State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806; Jones v. Thompson, 8 Cir., 128 F.2d 888, 889; Alexander v. Special School District of Booneville, 8 Cir., 132 F.2d 355, 358; Gersing v. Chafitz, 77 U.S.App.D.C. 38, 133 F.2d 384; Bass v. Baltimore & Ohio Terminal R. Co., 7 Cir., 142 F.2d 779, 780, 781; Barbarino v. Stanhope S. S. Co. Limited, 2 Cir., 150 F.2d 54, 55; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149, 150, 63 S.Ct. 133, 87 L.Ed. 146. The action of a trial court in granting or denying a motion for a new trial for error of fact is not reviewable, even where the appeal is from a judgment. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 482, 53 S.Ct. 252, 77 L.Ed. 439.

If the order appealed from be construed as having left in effect so much of the verdict and judgment as determined the issue of the defendant's liability, neither the order nor that remnant of the judgment would be appealable. A case may not be appealed in fragments. To be reviewable, a judgment must be final and complete as to the entire subject matter and all of the issues. Hunter v. Federal Life Insurance Co., 8 Cir., 103 F.2d 192, 194, and cases cited; City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 514.

While this Court is without jurisdiction, on these appeals, to review the questions sought to be presented, we take the liberty of suggesting to the plaintiff and to the trial court that careful consideration be given to the question whether, in view of the court's order setting aside the entire judgment and verdict and in the light of the defendant's criticism of the court's instructions on the issue of liability, it is safe to confine a retrial of the case solely to the issue of the extent of the plaintiff's injuries and damages. The general rule as to the duty of an employer to furnish his employees a safe place to work is stated in Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, 352–354, 63 S.Ct. 1062, 87 L.Ed. 1444. Cf. McGivern v. Northern Pacific R. Co., 8 Cir., 132 F.2d 213, 217.

The appeals are dismissed for want of jurisdiction.