**DOSTAL v. BALTIMORE & O. R. CO.**

No. 9664.

United States Court of Appeals
Third Circuit.

Argued June 24, 1948.

Decided Sept. 29, 1948.

Vincent M. Casey, of Pittsburgh, Pa. (Margiotti & Casey, Pittsburgh, Pa., on the brief), for appellant.

James P. McArdle, of Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, Circuit Judges.

O'CONNELL, Circuit Judge.

This is a diversity suit, arising out of the death of Joseph A. Dostal when an automobile which he was operating collided with a passenger train of defendant at a grade crossing near Lyndora, Pa.

The case was tried before a jury. The testimony was largely directed to two questions: whether defendant was negligent, and whether Dostal was contributorily negligent. After both sides had rested, defendant moved for a directed verdict. The motion was denied.

Being unable to agree, the jury was discharged. Then, relying upon Rule 50 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., defendant moved for judgment in accordance with its previous motion for a directed verdict. The trial judge, pointing out that the testimony concerning the degree of care observed by Dostal was conflicting,[1] filed an opinion and order denying the motion for judgment. Defendant thereupon took the instant appeal.

Moving for dismissal of the appeal, plaintiff asserts that the order of the trial judge denying the motion for judgment is not appealable, and that defendant failed to comply with Rule 75 (d) F.R.C.P. We need consider only the former ground.

We may assume that Rule 50 (b), F.R. C.P., authorized defendant to move for judgment after the jury disagreed and was discharged. That Rule also provides for the action which the trial judge may take upon such motion: "If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." Although the trial judge did not order a new trial in so many words, doubtless because he deemed it unnecessary under the circumstances, his denial of the motion for judgment must be viewed as equivalent to an ordering of a new trial, as the portion of his opinion quoted in footnote 1, supra, unmistakably indicates.

Rule 50 (b) neither purports nor undertakes to define or change the scope of appellate jurisdiction of federal courts of appeals. For example, Rule 50 (b) recognizes the power of a trial court to order a new trial even though a verdict has been returned by the jury, and such an order is clearly not appealable. Florini v. Stegner, 3 Cir., 1936, 82 F.2d 708; Libby, McNeill & Libby v. Malmskold, 9 Cir., 1940, 115 F.2d 786; see United States v. Agne, 3 Cir., 1947, 161 F.2d 331, 332. The right of defendant to appeal must be found, if anywhere, not in Rule 50 (b), but in 28 U.S.C.A. §§ 1291–1294, which reincorporate the provisions of former Section 128 of the Judicial Code.

The foregoing statutory provisions limit appeals to "final decisions." The meaning of this phrase we have reiterated in such cases as Fidelity & Casualty Co. of New York v. Turby, 3 Cir., 1935, 81 F.2d 229, 230; Beighle v. Le Roy, 3 Cir., 1938, 94 F.2d 30, 31; and Ritter v. Wyoga Gas and Oil Corporation, 3 Cir., 1940, 110 F.2d 524, cert. denied 1940, 311 U.S. 669, 61 S. Ct. 29, 85 L.Ed. 430. When we analyze the order of the court below in the light of those decisions, we find that it does not

---

[1] The pertinent portion of the opinion of the court below reads as follows:

"The contention of the defendant's counsel in support of his motion was that one who obeyed the law by stopping, looking and listening had such a long and clear view of the track that due care on the part of the deceased was impossible of belief. The testimony in this respect varied widely. Witnesses for the plaintiff testified that an engine could be seen for one hundred feet or less, this being due, as they alleged, to the curve of the track and a bank at the entrance of the crossing which impeded the view. The testimony in respect to the length of view being conflicting, the motion of defendant for judgment must be refused."

put an end to the controversy between the parties litigant. It leaves the entire issue open for future hearing and determination before the rights of the parties are conclusively adjudicated. It therefore falls foursquare within the definition of an interlocutory order contained in Beighle v. Le Roy, supra.[2]

Consequently, without reaching the merits of the cause sub judice, we hold that we have no jurisdiction to entertain an appeal from an order denying a motion for judgment after a jury has disagreed. The motion to dismiss the instant appeal will be granted.

---

[2] It is not inapposite to note that, on a question very like that here involved, the Pennsylvania Supreme Court has arrived at the same conclusion. DeWaele v. Metropolitan Life Ins. Co., 1948, 358 Pa. 574, 58 A.2d 34.