DOSTAL v. BALTIMORE & O. R. CO.

Civ. A. No. 5962.

United States District Court
W. D. Pennsylvania.

Dec. 4, 1950.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Casey, Power & Savage (Vincent M. Casey), Pittsburgh, Pa., for defendant.

BURNS, District Judge.

Plaintiff's husband was killed when an automobile which he was driving was struck by a passenger train of defendant. The instant complaint seeks recovery because of negligence on the part of the employees of defendant.

The jury which heard the first trial failed to agree, and was discharged. The judge refused judgment for the defendant, and an appeal therefrom was refused. 3 Cir., 1948, 170 F.2d 116. The jury impaneled for the second trial returned a verdict in the amount of $30,000.00. Both trials lasted several days, during which the facts espoused by both sides were fully developed. Defendant here moves for judgment or, in the alternative, a new trial.

■ The principal argument advanced by defendant is that plaintiff's husband, as a matter of law, was contributorily negligent. Just as was stated by the judge who denied the motion for judgment after the first trial, however, there was a definite conflict of testimony which it was the function of the jury to resolve. In view of the positive evidence that decedent did stop, that the tracks ran through a well-travelled area, that the visibility was limited, and that decedent's car was struck near the rear wheels by a rapidly-approaching train, and bearing in mind the presumption of due care favoring plaintiff, I cannot say that the verdict of the jury was against the weight of the evidence or arbitrarily reached.

■ Defendant also questions the refusal to permit a line of questioning which sought to establish that a witness for plaintiff at the first trial of this case, though present in court during the earlier stages of the second trial, had not been called. I believe such inquiry would have led the jury unduly afield. Defendant could have subpoenaed that witness, whose testimony at the first trial in fact had been unquestionably favorable to plaintiff.[1] I am of the opinion that the restriction of testimony as to that tangential matter was not reversible error, particularly since defendant was at liberty to cover the situation adequately in the closing address to the jury.

■ Various objections are made to the charge. Without noting them in detail, I may dispose of them with the observation that the objections are not timely. Merely by taking exception to the charge on negligence, contributory negligence, and damages, defendant cannot evade the rule eliminating general exceptions; Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. Federal Rules of Civil Procedure. Moreover, I am satisfied that defendant has not here shown prejudicial error in the charge.

The other grounds assigned by defendant are without merit. This was a closely-contested case, in which I think the jury received a clear picture of the theories of counsel and of its duty. The verdict was proper, and should not be disturbed.

---

1. The indications are that defendant was primarily interested in informing the jury that the witness had a prior criminal record.