**FORD MOTOR CO. v. BUSAM MOTOR SALES, Inc.**

No. 11100.

United States Court of Appeals Sixth Circuit.

Dec. 8, 1950.

532

J. Mack Swigert, Cincinnati, Ohio (Taft, Stettinius & Hollister, Robert Taft, Jr., Cincinnati, Ohio, William T. Gossett, Duane D. Freese, Dearborn, Mich., of counsel), for appellant.

Robert N. Gorman, Cincinnati, Ohio (Gorman, Silversteen & Davis, Larz R. Hammel, Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Following a jury trial, resulting in a verdict and judgment against it, the defendant-appellant, Ford Motor Company, appealed from an order of the District Court denying its motion to set aside the verdict and judgment and for judgment in its favor. The plaintiff-appellee, in addition to arguing the case on its merits, contends that the order appealed from is not such a final order of the District Court as can be reviewed by the Court of Appeals at this time. In view of our agreement with that contention, we will state the facts very briefly and not discuss the merits of the controversy.

By contract of March 4, 1946, the appellant designated the appellee as an authorized distributor of its motor vehicles. According to its terms, the contract could be terminated at any time at the will of either party upon written notice to that effect. The complaint alleges that on July 7, 1947, the appellee was notified by registered mail of the appellant's intention to terminate the agreement effective, September 5, 1947, which purported termination was not in good faith on the part of the appellant and was a fraud on the rights of the appellee, in that it left the appellee on September 5, 1947 with unfilled orders for 316 Ford motor vehicles which it was not permitted to fill, and by reason of which it lost a net profit of $105,768.00. The complaint also alleges additional damage of $4,800 as expense incurred by the appellee in the preparation of plans for a new building which the appellant had ordered it to build in accordance with a provision of the contract. The appellant relied upon the contract right of termination and denied that the termination was not made in good faith or that it was in any way a fraud on the rights of the appellee. At the close of the appellee's testimony, the appellant made a motion for a directed verdict, which was overruled. At the completion of appellee's case, the appellant renewed this motion and the Court reserved its ruling thereon. The jury returned a verdict for the appellee in the amount of $87,000 upon which judgment was entered. Thereafter, appellant moved under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A., for judgment notwithstanding the verdict, and, in the alternative, for a new trial. The Court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial. This appeal was taken from the order denying the motion for judgment notwithstanding the verdict.

It is provided by Title 28 U.S.C.A. § 1291 that—"The courts of appeals shall

have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court." The question presented is whether the order appealed from is a final decision of the district court, as contemplated by the statute. If it is not, the appeal must be dismissed for lack of jurisdiction.

■ The Supreme Court has pointed out in several cases the nature of a final judgment for the purposes of appeal. In Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 166, 82 L.Ed. 204, the Court said—"In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined'", citing several prior Supreme Court opinions. In discussing the background and reason for such a rule, the Court said in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 541, 84 L.Ed. 783. "To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause" and "In thus denying to the appellate courts the power to review rulings at *nisi prius,* generally, until after the entire controversy has been concluded, Congress has sought to achieve the effective conduct of litigation." In Cohen, Executrix v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, the Court said—"Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal * * *. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." In the Cobbledick and Cohen cases, the orders under discussion were adjudged appealable due to their peculiar characteristics. Such characteristics are not present in the case now before us. This Court, in Dowling Bros. Distilling Co. v. United States, 153 F.2d 353, 356, restated and applied the rule laid down in Berman v. United States, supra, namely, that "A judgment is final, for the purpose of appeal, only when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined."

■ It follows from this rule that in the absence of a judgment, an appeal will not lie, even though a ruling has been given in the court's opinion. Cashion v. Bunn, 9 Cir., 149 F.2d 969; United States v. San Geronimo Development Co., 1 Cir., 154 F.2d 78, 83-84, certiorari denied 329 U.S. 718, 67 S.Ct. 50, 91 L.Ed. 623; Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775.

The application of the rule is also seen in the following situations:

■ It is settled law that an appeal does not lie from an order granting a new trial. Barbarino v. Stanhope S. S. Co., 2 Cir., 150 F.2d 54; Howell v. Terminal R. Association, 8 Cir., 155 F.2d 807; Florini v. Stegner, 3 Cir., 82 F.2d 708; Long v. Davis, 9 Cir., 169 F.2d 982; Sentinel Co. v. Dinwiddie, 7 Cir., 41 F.2d 57. Under such circumstances, the final judgment has been set aside and there is no existing judgment from which an appeal can be taken.

■ It is likewise well settled that no appeal will lie from an order overruling a motion for a new trial. Gillette Safety Razor Co. v. Triangle M. Lab. Corp., 2 Cir., 87 F.2d 699, 702; Armstrong v. New La. Paz. Gold Mining Co., 9 Cir., 107 F.2d 453, 454; Poston v. Dixie Ohio Express Co., 5 Cir., 177 F.2d 301; Conboy v. First National Bank, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Luckenbach S. S. Co. v. United States, 272 U.S. 533, 540, 47 S.Ct. 186, 71 L.Ed. 394. Appeals may follow in time the entry of such an order, but such an appeal is properly taken from the judgment previously entered rather than from the order which refused to set it aside. Milton v. United States, 5 Cir., 120 F.2d 794; Gersing v. Chafitz, 77 U.S.App.D. C. 38, 133 F.2d 384; Bass v. B. & O. Terminal R. Co., 7 Cir., 142 F.2d 779.

■■ Applying the same general rule, it follows that an appeal may follow in time after the entry of an order sustaining a motion for the entry of judgment notwithstanding the verdict. The appeal is not taken from the order sustaining the motion but from the judgment thereafter entered which disposes of the case. It also logically follows that an appeal may follow in time after an order overruling a motion for judgment notwithstanding the verdict. The appeal is not taken from the order overruling the motion, but from the judgment previously entered, which the order did not set aside. This is analogous to an appeal following an order overruling a motion for a new trial, referred to above. See Donovan v. Jeffcott, 9 Cir., 147 F.2d 198; Simons v. United States, 9 Cir., 162 F.2d 905. In Borg-Warner Corp. v. Whitney, 6 Cir., 121 F.2d 444; Stewart v. Roberts, 80 U.S.App.D.C. 405, 154. F.2d 697, similar orders were held non-appealable; there was no existing judgment to appeal from.

We do not mean to say by the above that such rulings and orders are not reviewable. On the contrary, they are reviewable by the Court of Appeals at the proper time, which is following the subsequent entry of the final judgment which disposes of the case, and from which an appeal may be then taken. The orders being interlocutory are not appealable, but similar to other interlocutory rulings in the case, are reviewable at a later time. Bass v. B. & O. Terminal R. Co., 7 Cir., 142 F.2d 779; Pettingill v. Fuller, 2 Cir., 107 F.2d 933, 936; United States v. Hayes, 9 Cir., 172 F.2d 677, 679–680; Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775, 777; Guy v. Interstate Transit, Inc., 244 Ky. 479, 51 S.W.2d 455. This answers appellant's contention that unless the appeal is allowed it will be deprived of its right to have the ruling in question reviewed by this Court.

■ Since an appeal does not lie in the present case from the order granting a new trial, and in fact no appeal was taken from that part of the order, appellant necessarily is restricted to the contention that an appeal lies from that part of the order overruling its motion for judgment notwithstanding the verdict. This Court held, however, in Borg-Warner Corp. v. Whitney, supra, 121 F.2d 444, that an order, in effect substantially the same, is interlocutory and not appealable. To the same effect is Stewart v. Roberts, supra, 80 U.S.App.D.C. 405, 154 F.2d 697. In the present case the appeal was not taken from the judgment; but was taken from the order overruling the motion, as was done in the Borg-Warner Corp. case.

■ Even if we should assume that the appeal was in reality from the judgment, instead of from the order overruling appellant's motion, as was done in Milton v. United States, 5 Cir., supra, 120 F.2d 794, because of unusual circumstances there existing but "without intending to create a precedent," the result is the same. The other part of the order which sustained the motion for a new trial wiped out the judgment, leaving for all practical purposes the same situation as existed in Borg-Warner Corp v. Whitney, supra. Following this ruling there was no existing judgment in the case from which an appeal could be taken. The same reasoning, with the same result, was used by the Court in Allegheny County v. Maryland Casualty Co., 3 Cir., 132 F.2d 894. The correctness of such reasoning was recognized by the Court in McIlvaine Patent Corp. v. Walgreen Co., 7 Cir., 138 F.2d 177, 180, but the result avoided by reading into the order an implied condition that was considered unauthorized in Allegheny County v. Maryland Casualty Co., supra. Our ruling in Borg-Warner Corp. v. Whitney, supra, appears controlling in this case. To the same effect are Delaware & H. R. Corp. v. Bonzik, 3 Cir., 95 F.2d 959, and Dostal v. B. & O. R. Co., 3 Cir., 170 F.2d 116. See also Howell v. Terminal R. Ass'n, 8 Cir., supra, 155 F.2d 807. Directly in point and supporting the ruling is Balicki v. Central Greyhound Lines, Inc., 3 Cir., 150 F.2d 402.

The appeal is dismissed.