Allen E. **NORTHERN**, Jr., Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 14919.

United States Court of Appeals
Sixth Circuit.

March 14, 1962.

Householder, Ingraham, Atkins & McSween, Nashville, Tenn., for appellant.

Kenneth Harwell, U. S. Atty., Nashville, Tenn., for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

**ORDER GRANTING GOVERNMENT'S MOTION TO DOCKET AND DISMISS APPEAL**

Appellant was indicted and tried for violating the Internal Revenue laws of the United States. At the conclusion of the proofs, appellant renewed a motion for judgment of acquittal made earlier by him. The District Judge reserved ruling on the motion, and submitted the case to the jury. When the jury was unable to agree on a verdict, it was discharged. The District Judge then entered an order overruling the motion for judgment of acquittal and granted a new trial. From that order this appeal was taken.

The United States now moves to docket and dismiss the appeal, saying that the order of the District Court is not appealable. Three of the Circuits, in agreement with the contention of the Government, have concluded that an order overruling a motion for judgment

of acquittal and granting a new trial is not an appealable order.[1] We agree with the holdings of those opinions.

Appellant argues that unless an appeal is permitted at this juncture of the litigation, no effective remedy is available to correct the failure of the District Judge to order an acquittal because of the insufficiency of the evidence at the conclusion of the first trial. (Rule 29, F.R.Cr. P., 18 U.S.C.A.). He reasons so because he will be subjected to a second trial, a trial costly and time consuming, both to him and to the United States, which will have no bearing on the question which will be raised on appeal—whether it was proper for the District Judge, at the end of the first trial, to deny judgment of acquittal.

■ Whatever may be the merit in those arguments, they do not go to the question involved here, which is one of jurisdiction rather than discretion. Except for certain exceptions not material here,[2] only those decisions which are "final"[3] may be appealed to the Court of Appeals. Section 1291, Title 28 U.S.C.A. A judgment is final "(i)n criminal cases, as well as civil, * * * 'when it terminates the litigation on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined' ". Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204, 205. Although "final judgment" and "final decision" are not always interchangeable terms, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545, 69 S.Ct. 1221, 93 L.Ed. 1528, 1536,

this Court has applied the rule above quoted as an aid in determining which decisions are final. Dowling Bros. Distilling Co. v. United States, 153 F.2d 353, 356; Ford Motor Co. v. Busam Motor Sales, 185 F.2d 531, 533.

■ Usually, the only "final decision" in a criminal case is the judgment, the imposition of the sentence. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. Under certain circumstances, however, an order entered in criminal proceedings prior to sentence may be a "final decision" within the meaning of the statute. In Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, an order overruling motions to reduce bail pending trial was held to be an appealable order. In that case, as in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the order sought to be reviewed, finally adjudicated, claimed rights which as a practical matter never would have been reviewed if appellate consideration had been postponed until the entry of final judgment. That is not the situation before us. The order involved here will be reviewed. The fact, alone, that this review may be deferred until after another trial, is not determinative. Cf., Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

In an analogous situation, Ford Motor Co. v. Busam Motor Sales, 185 F.2d 531,[4] we held that an order overruling a motion for judgment notwithstanding the verdict, but granting a new trial, was not an appealable order. Although that was

1. Mack v. United States, 107 U.S.App.D.C. 73, 274 F.2d 582 (CA D.C. 1959), certiorari denied, 361 U.S. 916, 80 S.Ct. 362, 4 L.Ed.2d 186 (order granting new trial and overruling motion for judgment of acquittal after jury unable to return a verdict); Gilmore v. United States, 264 F.2d 44 (CA 5, 1959), certiorari denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (order granting new trial and overruling motion for judgment of acquittal after being unable to return a verdict); United States v. Swidler, 207 F. 2d 47 (CA 3, 1953), certiorari denied, 346 U.S. 915, 74 S.Ct. 274, 98 L.Ed. 411 (order granting new trial and overruling

motion for judgment of acquittal after jury returned verdict of guilty).

2. Section 1292, Title 28 U.S.C.A.

3. The policy underlying the "final decision" rule is discussed in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; see also, 6 Moore's Federal Practice, § 54.04, et seq.

4. See also Dostal v. Baltimore & Ohio R. Co., 170 F.2d 116 (CA 3, 1948), holding that an order refusing judgment notwithstanding the verdict, after a jury is discharged for failing to return a verdict, is not an appealable order.

a civil case, what Judge Miller, speaking for the court, said there is pertinent here. The order overruling the motion for judgment of acquittal is "reviewable by the Court of Appeals at the proper time, which is following the subsequent entry of the final judgment which disposes of the case, and from which an appeal may be taken." 185 F.2d 531, 534.

Accordingly, the motion to docket the appeal is granted and, as docketed, the appeal is dismissed.