Clyde B. PIPER et al., Plaintiffs,

v.

MECO, INC., Defendants.

Civ. Nos. C 68–85 to C 68–118.

United States District Court
N. D. Ohio, W. D.
June 11, 1968.

Noble & Montague, St. Marys, Ohio, for plaintiffs.

Edward E. Soule, Oklahoma City, Okl., for defendants.

OPINION

DON J. YOUNG, District Judge.

In these cases, thirty-four former employees of defendant are seeking severance pay which they claim is due to them under a collective bargaining agreement between their union, the

United Rubber, Cork, Linoleum and Plastic Workers of America and defendant company. Each employee brought a separate suit against defendant. The suits were removed to this Court by the defendant. For a number of years prior to August 18, 1967, the defendant had a plant located in New Bremen, Ohio. The collective bargaining agreement was entered into on June 1, 1964 and was to last for a term of three years. Its provisions included a grievance procedure culminating in arbitration to resolve all disputes as to the interpretation of the agreement. The decision of the arbitrator was said to be "final and binding upon the parties during the life of the agreement." The agreement also provided, under certain circumstances, for severance pay.

In early 1967, the defendant notified the union that it intended to move the plant in September. Thereafter, a dispute apparently arose as to whether some employees might be entitled to severance pay under the contract. On May 16, 1967, just a few days before the collective bargaining agreement was to expire, a grievance was filed on behalf of all the plaintiffs in which they requested severance pay "pursuant to Article VIII of the current bargaining agreement."

While the grievance was being processed the company continued its plan to move the plant, and the move took place on August 18. On August 22, 1967, the arbitration hearing was held and the arbitrator rendered his written decision on October 25, 1967. The arbitrator found that the contract expired on June 1, 1967, and that it was not renewed. He held that there was no right to severance pay under the contract as of June 1, 1967, because the plaintiffs continued to meet the requirements of the job after that date, and that no right existed as of August 18 because there was no contract then in existence. He also held that the case was arbitrable because there was "dispute" at the time the grievance was filed as to whether the employees would be entitled to severance pay, even though they were still working at that time.

Defendant has filed a motion for summary judgment on the ground that arbitrator's decision is final and binding on all parties.

There has been no contention by any party that the dispute was not arbitrable, but in any event, this Court believes that the matter was properly before the arbitrator. Applying general labor law principles, it is clear that the decisions of arbitrators are final and binding and that the courts may not review those findings. General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Thus the decision of the arbitrator that plaintiffs were not entitled to severance pay as of either June 1 or August 18 is binding on this Court. Plaintiffs contend that the language in the contract which provides that arbitrator's decisions are binding "during the life of the agreement" changes the general rule. Since the contract had expired before arbitration, plaintiffs argue that they are not bound by the award. In United Steelworkers of America v. Enterprise Wheel & Car Corp., *supra*, the Supreme Court held that an award rendered after the expiration of the agreement should be enforced. Whatever the clause to which plaintiffs refer means, it could not reasonably be construed in such a way that no one would be bound by an award made after the expiration of the agreement upon a dispute which arose prior to expiration. Such a construction would permit a party simply to stall the arbitration hearing until after the expiration of the contract and thus not be bound by the award. This Court will not presume that the parties intended such a result.

The arbitrator found, and both parties agree that there was no contract as of August 18. Plaintiffs have sued under a contract. The parties could have agreed to the accrual of rights during the term of the agreement and their realization after it had expired, John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 555, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), but the arbitrator held that they did not do so and the plaintiffs are bound by that decision.

Plaintiffs Silvers, Schwarck, and Ball submit that defendant's motion fails to meet the separate issues raised with regard to them. Each of these plaintiffs make the further claim that he was disabled for health reasons during 1967 and that he was entitled to severance pay for that reason.

It is arguable that these claims were included in the May 16th grievance. The grievance simply said that all the grievants requested severance pay pursuant to article VIII of the agreement. The medical claims would come under article VIII. It is also arguable that applying principles of res judicata plaintiffs are bound by the arbitrator's decision against them not only with respect to all grounds for severance pay which were actually raised, but also all which *could* have been raised.

■ However, even if these three plaintiffs are not bound by the arbitrator's previous decision with respect to their medical grounds, the defendant's motion must nevertheless be granted. It is a general rule in federal labor law that a party must attempt to exhaust his remedies under the contract grievance procedure before he may seek redress in the courts unless said grievance procedure is specified in the contract as nonexclusive. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964); Broniman v. Great

Atl. & Pac. Tea Co., 353 F.2d 559 (6th Cir.1965); Rhine v. Union Carbide Corp., 343 F.2d 12 (6th Cir.1965). Parties may be compelled to arbitrate after the termination of an agreement concerning the construction of said agreement, see John Wiley & Sons, Inc. v. Livingston, *supra,* and this is so even if the issue may not have been raised until after the expiration of the agreement. See Piano and Musical Instrument Workers Union, Local No. 2549 of United Brotherhood of Carpenters and Joiners of America v. W. W. Kimball Co., 379 U.S. 357, 85 S.Ct. 441, 13 L.Ed.2d 541 (1964), *rev'g* 333 F.2d 761 (7th Cir. 1964).

■ In Local Lodge No. 595 of District No. 152, International Association of Machinists v. Howe Sound Co., 350 F.2d 508 (3d Cir. 1965), the court held that the suit was not proper because the parties had not sought arbitration as provided for in a collective bargaining agreement which expired prior to suit.[1] Like the present case, the plant in question had been closed. However, the Court, at the request of plaintiffs, treated defendant's motions as motions to stay the proceedings in the district court pending arbitration. Although courts are permitted to stay their proceedings pending arbitration, 9 U.S.C. § 3, it need not be done except on the request of one of the parties. Since this was not done, this Court feels constrained to grant the defendant's motion for summary judgment with respect to these three plaintiffs as well as all other plaintiffs. The three plaintiffs have cited no language in the contract which would prohibit this Court from following *Howe.* The contract does not provide that the grievance procedure shall be the exclusive remedy only during the life of the agreement. Although the agreement does say that the arbitrator's decision is final and binding during the life of the agree-

---

1. Although it is not clear from the opinion, this Court reads Rhine v. Union Carbide Corp., 343 F.2d 12 (6th Cir. 1965), as indicating that the collective bargaining agreement had expired prior to suit. Yet the court dismissed the suit for failure to exhaust the contract grievance procedure.

ment, this Court takes that to mean that it is final and binding as to all disputes which arose during the life of the agreement. There was a dispute as to each plaintiff's right to severance pay before the termination date. Construing the contract in the light of national labor policy, it will be the order of the Court that the defendant's motion for summary judgment will be sustained as to each plaintiff.