**Clyde B. PIPER et al., Plaintiffs-Appellants,**

v.

**MECO, INC., Defendant-Appellee.**

**No. 18900.**

United States Court of Appeals Sixth Circuit.

June 18, 1969.

Edward S. Noble, St. Marys, Ohio, and Gordon T. Kinder, Martins Ferry, Ohio, for appellants.

Edward E. Soule, Oklahoma City, Okl., for appellee.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Plaintiffs in these cases sued their former employer for severance pay which they claim to have been provided by a contract between the company and the United Rubber Workers Union.[1] The suits were removed from the Ohio Common Pleas Court to the United States District Court for the Northern District of Ohio, Western Division, where the District Judge dismissed them on defendant's motion for summary judgment.

The District Judge in a careful opinion, 302 F.Supp. 926 held that plaintiffs had taken their claims to arbitration, as required by the contract in question, and having lost, were not entitled to seek the opposite result by court proceedings He relied on United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

In the *Enterprise* case, the Supreme Court said:

"The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." United Steelworkers of America v. Enterprise Wheel & Car Corp., supra at 596, 80 S.Ct. at 1360.

There are no disputes of fact which required factual hearing before the District Court. The District Judge noted: "There has been no contention by any party that the dispute was not arbitrable, but in any event, this court believes that the matter was properly before the arbitrator."

Our review of this record sustains his finding that the issues presented were arbitrable. For the reasons outlined in the District Judge's unreported opinion, the arbitrator's award is not subject to relitigation in the courts, and, hence, the merits of this dispute were not before him and are not before us.

The judgment of the District Court is affirmed.

1. United Rubber, Cork, Linoleum and Plastic Workers of America, Local Union No. 269.