**Clem F. PELLARINO, Administrator of Estate of John A. Pellarino, deceased, and in his own rights, Plaintiff-Appellee,**

**v.**

**FORD MOTOR COMPANY, Defendant-Appellant.**

**No. 19859.**

United States Court of Appeals, Sixth Circuit.

April 7, 1970.

Joseph P. Sontich and David C. Haynes, Youngstown, Ohio (Joseph P. Sontich, Haynes & Sontich, Youngstown, Ohio, on the brief), for appellant.

John A. Robb, Pittsburgh, Pa., and Charles E. Wern, Jr., Warren, Ohio (Royston, Robb, Leonard, Edgecombe, Miller & Shorall, Pittsburgh, Pa., on the brief), for appellee.

Before WEICK, McCREE and BROOKS, Circuit Judges.

PER CURIAM.

Ford Motor Company (Ford) has appealed from an order of the District Court granting plaintiff's motion for a new trial in an action for damages for wrongful death, in which the jury returned a verdict in favor of Ford.

In the Spring of 1964, Ford developed a promotional campaign aimed at selling its new model named Mustang. The plan called for Ford, through local franchised dealers, to loan automobiles to members of community service organizations for one week, in order to demonstrate the cars. The members were chosen by lot.

Accompanying the loaned car was a letter which stated:

"Dear Sir:

Congratulations on your good fortune.

We encourage you to use the unit you have been loaned as you would your own car. It may be driven by any licensed person and is fully covered by insurance. * * *.

Sincerely yours,
/s/ C. E. Sams
Assistant District Sales Maanger
Cleveland District Sales Office"

As the result of a drawing held at the Columbiana, Ohio, Kiwanis Club, Ford loaned a Mustang to Mark Klingensmith for a week. Mark loaned the car to his

son, Dale, who was in his thirties. During the evening that Dale used the Mustang, he went to a number of night clubs with a friend. The two of them took several groups of people for rides in the new car. At one night club, Dale asked Anthony Bertone, a sixteen-year-old boy, and the decedent if they would like to go for a ride.

The decedent drove the car for a few miles. Then Bertone took over the driving at about two o'clock, a. m., while Dale Klingensmith sat in the front seat beside him. Apparently Dale operated the automatic shift, with which Bertone was unfamiliar. Bertone lost control of the car when it went around a sharp curve at high speed, and the car toppled over and over for a distance of about 225 feet. The decedent, who was riding as a passenger, received injuries which resulted in his death.

Appellee, the father of decedent, brought an action for wrongful death in the District Court for the Western District of Pennsylvania, against Ford Motor Company. After opening statements to the jury by counsel, the District Court in Pennsylvania entered the following order:

"The Defendants' motion for summary judgment on the issue of agency is granted with prejudice."

"The Plaintiff's motion for voluntary nonsuit on the issue of Defendants' negligence in failing to instruct prospective drivers of its vehicle is granted without prejudice." (App. p. 16)

Subsequently appellee brought the present action in the District Court for the Northern District of Ohio against Ford and others. The others were dismissed from the suit, leaving Ford as the sole defendant.

Appellant moved the Court to determine that the issue of agency was res judicata by reason of the order of the District Judge for the Western District of Pennsylvania. The District Judge proceeded with the trial of the case without specifically determining the issue of res judicata. The District Judge instructed the jury that as a matter of law Mark and Dale Klingensmith were both agents of Ford and that Dale was acting within the scope of his authority when the fatal accident occurred. The questions submitted to the jury were whether any negligence on the part of Dale caused the accident, and damages.

The jury returned a verdict in favor of Ford. Plaintiff moved for a judgment notwithstanding the verdict or for a new trial. The District Court denied the motion for judgment notwithstanding the verdict, but ordered a new trial on all eight grounds set forth in the motion.

▮▮▮▮ No final judgment has been entered in this case. It is settled that an appeal will not lie from an order granting a new trial. Wagner v. Burlington Indus., Inc., 423 F.2d 1319 Nos. 19748–9 (6th Cir. 1970); Ford Motor Co. v. Busam Motor Sales, Inc., 185 F.2d 531 (6th Cir. 1950); 28 U.S.C.A. § 1291; see Benton Harbor Malleable Indus. v. Local 880, UAW-CIO, 355 F.2d 70 (6th Cir. 1966). The order granting a new trial is reviewable only on appeal after a final judgment has been entered in the case. Duncan v. Duncan, 377 F.2d 49, 52–53 (6th Cir.), cert. denied, Fain v. Duncan, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967).

The instant case is on all fours with Wagner v. Burlington Indus., Inc., *supra*, and Ford Motor Co. v. Busam Motor Sales, Inc., *supra*. The appeal must therefore be dismissed.

We realize that there is a serious question whether the judgment of the District Court for the Western District of Pennsylvania is res judicata of the issue of agency. The District Judge did not address himself to this issue, which must be determined on the retrial. Even apart from the issue of res judicata is the question of agency under Ohio law. We express no opinion on either of these issues.

The appeal is dismissed for lack of jurisdiction.