836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
M. William HASKINS, Plaintiff-Appellee,
v.
Michael BROWN, Defendant-Appellant.
 No. 86-4013.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1988.
 
 Before KEITH, MILBURN and NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-appellant appeals from the order granting plaintiff-appellee's motion pursuant to Fed.R.Civ.P. 60(b) to vacate an arbitration award in this breach of contract case. For the reasons set forth below, we DISMISS this appeal for lack of jurisdiction.
 
 
 2
 This case was referred to arbitration by the District Court for the Southern District of Ohio upon oral agreement of counsel, and the parties adopted arbitration as the forum for resolving their dispute. The parties agreed that the decision of the arbitrators would be final and binding. In their agreement, the parties waived all rights of appeal.
 
 
 3
 On July 8, 1986, the arbitrators issued an award in favor of appellee in the amount of $17,064.84. Appellant was ordered to pay the award in installments; an acceleration provision would take effect in the event he failed to pay as provided. Appellant did not attempt to appeal or challenge the arbitrators' decision and appellee made no attempt to execute upon the judgment enforcing the arbitration award.
 
 
 4
 The district court issued its order enforcing the award on July 11, 1986. Two months later, on September 4, 1986, appellee filed for relief from judgment under Fed.R.Civ.P. 60(b),[1] asking that the judgment enforcing the award be set aside because of an alleged lack of intent to comply with the award on the part of appellant. The district court, without a hearing, set aside its order enforcing the award, the arbitrators' decision, and the parties' stipulation as to the finality of the arbitrators' decision. As its only reason for vacating the award, the district court wrote that "[t]here is reasons to believe that the consent to arbitration of these matters are not a bilateral consent in that the parties had differing views as to the binding effect of such arbitration." The case was restored to the district court's docket for trial.
 
 
 5
 It is well settled that the grant of a new trial is not a final appealable order. In Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980), the Supreme Court held that an "order granting a new trial is interlocutory in nature and is therefore not immediately appealable." See also Northern v. United States, 300 F.2d 131, 132 (6th Cir.1962); Ford Motor Co. v. Bonsam Motor Sales, Inc., 185 F.2d 531, 533 (6th Cir.1950), Under the general rule then, this court would not have jurisdiction to hear this appeal.
 
 
 6
 One jurisdiction, however, has recognized an exception to this rule: if a district court lacked jurisdiction to grant a new trial, then its order is appealable. Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir.1967). In other words, "if the District Court assumes jurisdiction and power to act under [Rule 60(b) ] where neither exists, an appeal will lie from its order vacating the original order." Id. at 821. Thus, if we were to adopt this exception to the general rule, our next inquiry must be whether the district court below had jurisdiction to vacate the arbitration award and grant a new trial.
 
 
 7
 Once an arbitrator issues an award, subsequent court action is often barred. See Dewey v. Reynolds Metals Co., 429 F.2d 324, 332 (6th Cir.1970), aff'd, 402 U.S. 689 (1971); Piper v. Meco, Inc., 412 F.2d 752 (6th Cir.1969), cert. denied, 397 U.S. 944 (1970). Further, an agreement that an arbitrator's award shall be final and binding generally limits judicial review, Devine v. White, 697 F.2d 421, app. after remand, 711 F.2d 1082 (D.C.Cir.1983), except in a few instances. Johns-Manville Sales v. Intern Ass'n of Machinists, 621 F.2d 756 (5th Cir.1980).
 
 
 8
 Rule 60(b) provides a list of those instances where relief may be had from a final judgment by the grant of a new trial. If there is a showing of mistake, inadvertence, surprise or manifest injustice, then the district court may exercise its jurisdiction to vacate a final award. Cf. Kentucky River Mills v. Jackson, 206 F.2d 111, 120 (6th Cir.), cert. denied, 346 U.S. 887 (1953) (under the Arbitration Act, 9 U.S.C. Sec. 4, which applies only to transactions in interstate commerce, defenses such as fraud, invalidity of contract or duress may also permit court to vacate arbitration award). Thus, following the rationale of the Second Circuit in Rinieri, we hold that since the district court in this case had jurisdiction to vacate the arbitration award and grant a new trial pursuant to Rule 60(b) on the grounds of "manifest injustice," this court lacks jurisdiction to hear the appeal.[2]
 
 
 9
 Therefore, under both the general rule and under its exception articulated by the Second Circuit, this court can proceed no further. Accordingly, we DISMISS the appeal for lack of jurisdiction.
 
 
 
 [1]
 Rule 60(b) holds, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 [2]
 Appellants urge that we remand the case to order the district court to make specific findings of fact as to the reasons for vacating the arbitration award. As mentioned above, in his order, the judge below wrote an elliptic one-sentence explanation of his reason for vacating the award: no hearing was held; no testimony taken; no evidence presented. While we would otherwise find the district court's order too bare for intelligent appellate review, we are not in the proper jurisdictional posture to issue such a request