**QUALITY FIRST STAFFING SERVICES, INC., Plaintiff–Appellee,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant–Appellant.**

No. 03–5659.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2003.

Richard M. Carter, David M. Rudolph, Martin, Tate, Morrow & Marston, Memphis, TN, Carolyn Howard, Norwood, Howard & Atchley, Memphis, TN, for Plaintiff–Appellee.

Stephen R. Cochell, Cynthia J. Collins, Richard R. Roberts, Memphis, TN, for Defendant–Appellant.

Before NELSON, CLAY, and COOK, Circuit Judges.

## ORDER

The defendant appeals an order granting plaintiff's motion for a new trial in this diversity contract action. Because such an order is interlocutory in nature and generally cannot be immediately appealed, the clerk entered an order on June 2, 2003, directing the defendant to show cause why its appeal should not be dismissed for lack of appellate jurisdiction. The defendant filed a response, arguing that the order is immediately appealable because the district court had no jurisdiction to enter the order. The defendant suggests that the appeal be briefed with the question of appellate jurisdiction being addressed as one of the issues presented to the court.

Following a twelve-day trial, the jury returned a verdict for defendant. The plaintiff filed a motion for a new trial, asserting that it had been prejudiced by the defendant's failure to disclose certain documents for which the defendant had claimed privilege. Two years later, the district court granted that motion, finding that the plaintiff "was severely prejudiced by Defendant's actions in failing to disclose documents, withholding documents, and improperly claiming privilege as to certain documents," and that "cause exists to grant a new trial to prevent an injustice." This appeal followed.

As cited by the clerk, there is ample caselaw holding that an order granting a new trial is generally not appealable. *See Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam); *Pellarino v. Ford Motor Co.,* 424 F.2d 241, 242 (6th Cir.1970) (per curiam); *Benton Harbor Malleable Industries v. International Union, UAW,* 355 F.2d 70, 72 (6th Cir.1966) (per curiam). Rather, such an order is ordinarily reviewable only after final judgment has been entered. *Pellarino, supra.* Although acknowledging that caselaw, the defendant seeks to come within a narrow exception permitting an immediate appeal from an order granting a new trial in a case where the district court lacked jurisdiction to enter that order. That exception, first announced in *Phillips v. Negley,* 117 U.S. 665, 671–72, 6 S.Ct. 901, 29 L.Ed. 1013 (1886), retains its vitality over a hundred years later. *See, e.g., Fuller v. Quire,* 916 F.2d 358, 360 (6th Cir.1990) ("There is . . . a reasonably well grounded common-law exception to the final-judgment rule where the district court acts without the power to do so.")

In its response, the defendant cites several cases in which appeals have been permitted from orders granting a new trial. In all of these cases, however, a question arose as to whether the motion for a new trial was filed within the strict time limits of Rules 59(b) or 60(b), Fed.R.Civ.P., or whether the district court ordered a new

trial on its own initiative within the ten-day limit set forth under Rule 59(d), Fed. R.Civ.P. *See, e.g., Demeretz v. Daniels Motor Freight, Inc.,* 307 F.2d 469 (3d Cir. 1962) (district court had no authority to grant a new trial on ground jury award was excessive when party did not raise that issue in its motion for a new trial and order was not entered within 10 days of entry of judgment as required by Rule 59(d)); *Chicago & North Western Railway Co. v. Britten,* 301 F.2d 400 (8th Cir.1962) (district court without jurisdiction to grant a new trial on own initiative more than 10 days after entry of judgment); *Jackson v. Wilson Trucking Corp.,* 243 F.2d 212 (D.C.Cir.1957) (district court had no jurisdiction to grant new trial where party did not file a motion for a new trial and order was entered more than 10 days after entry of judgment). In these cases, the courts held they had jurisdiction to review the order under *Phillips* and reversed the grant of a new trial. In cases where no timeliness problem has been found, however, courts have held that no jurisdiction exists to review the order granting a new trial. *See, e.g., Fuller v. Quire, supra* (order for new trial found nonappealable after court determines district court had jurisdiction to enter order under Rule 60(b)(6)); *Gilliland v. Lyons,* 278 F.2d 56, 61 (9th Cir.1960) (order granting a new trial not appealable because it was based on a timely motion and not entered on court's own initiative).

In the present case, the defendant does not claim that the plaintiff's motion was not timely filed under Rule 59(b) or that the district court based its order upon a ground not raised in that motion. Rather, it argues, in essence, that the district judge abused it discretion in granting a

new trial because, in its opinion, a new trial is not warranted under the circumstances of this case.[1] This argument, however, goes beyond the issue of jurisdiction and does not provide a basis for an immediate appeal under the *Phillips* exception to the finality rule. *See National Passenger Railroad Corp. v. Maylie,* 910 F.2d 1181, 1184 (3d Cir.1990). Under these circumstances, we conclude this court has no jurisdiction at this time to review the order granting a new trial.

It therefore is **ORDERED** that this appeal is dismissed *sua sponte* for lack of appellate jurisdiction.

---

**1.** We note that the defendant filed a Civil Appeal Conference Statement with the clerk on June 12, 2003, stating the sole issue presented in this appeal was "[w]hether the district court abused its discretion by issuing an Order for a new trial and for sanctions."